IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMUNICATION TECHNOLOGIES, INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00444-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., | § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Stay Pending *Inter Partes* Review (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants"). (Dkt. No. 110.) In the Motion, Defendants contend the above-captioned case should be stayed until the Patent Trial and Appeal Board ("PTAB") concludes *inter partes* review of all asserted claims in the patent-in-suit. (*Id*. at 1.)

### I.   BACKGROUND

Plaintiff Communication Technologies, Inc. ("Plaintiff") sued Defendants on December 2, 2021 alleging infringement of U.S. Patent No. 6,725,444 (the "'444 Patent"). (Dkt. No. 1.) The '444 Patent has 26 claims. (Dkt. No. 1-1 at 9:65–12:65.) Defendants filed a petition for *inter partes* review on the '444 Patent on June 30, 2022, which was instituted on December 27, 2022. (Dkt. No. 110 at 2.) Defendants' IPR challenges the validity of all 26 claims of the '444 Patent, 24 of which are asserted against Defendants in this case. (*Id*.) The PTAB granted institution "on all

grounds included in the petition, including multiple grounds for at least each independent claim," pursuant to 35 U.S.C. § 103(a). (*Id*. at 3.)

The *Markman* hearing in the above-captioned case is scheduled for February 15, 2023. (Dkt. No. 83 at 3.) Fact discovery closes on March 6, 2023 and expert discovery closes on April 26, 2023. (*Id*.) The pretrial conference is scheduled for July 3, 2023 and jury selection is set to begin on August 7, 2023. (*Id*. at 1.) The final determination on the IPR is expected from the PTAB in December of 2023. (Dkt. No. 110 at 4.)

## II.     LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

In particular, the question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Stingray Music USA, Inc. v. Music Choice*, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (citing *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, 2014 WL 2738501 (N.D. Cal. Jun. 11, 2014)); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the

nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." (*Id.*)

### III.    ANALYSIS

Where the PTAB institutes *inter partes* review of every asserted claim, such tends to suggest a substantial likelihood of simplification. *Stingray*, 2017 WL 9885167, at *2; *see also NFC Techs. LLC v. HTC America, Inc.*, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (noting "the PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the district court litigation"); *see also Uniloc USA, Inc. v. Samsung Electronics America, Inc.*, 2017 WL 9885168, at *1 (E.D. Tex. Jun. 13, 2017).

#### 1.    Undue Prejudice

Defendants contend that a stay of this case would not cause Plaintiff any undue prejudice or tactical disadvantage because Plaintiff "sat on its infringement allegations against [Defendants] for several years and only filed this case after the ['444 Patent] expired." (Dkt. No. 110 at 10 (citing *Raytheon Co. v. Samsung Elecs. Co., Ltd.*, 2016 WL 1139659, at *1 (E.D. Tex. Feb. 22, 2016) ("[The Undue Prejudice] factor favors a stay. The asserted patent is expired, and thus there is no possibility of continuing harm to [patentee] from infringement.")).) Defendants also note that Plaintiff "does not seek injunctive relief" and "does not compete with Samsung," such that "monetary relief provides adequate compensation for any alleged infringement." (Dkt. No. 110 at 11 (citing *NFC Techs.*, 2015 WL 1069111, at *2).) In contrast, Defendants argue that they will suffer undue prejudice *without* a stay "by incurring the burden of continuing to defend against

3

infringement allegations of 24 [asserted] claims from the ['444 Patent] that the PTAB is likely to invalidate." (Dkt. No. 110 at 12.)

Plaintiff contends that it would be "prejudiced by a delay in its ability to vindicate its patent rights caused by a stay." (Dkt. No. 118 at 2.) Specifically, Plaintiff contends that "[s]ince the '444 Patent at issue is expired, and Samsung's Accused Instrumentalities get older by the day, the more time that passes, the greater the chance the engineers and manufacturers who designed and built such products will leave the company or lack recall about their features, functionality, and value." (*Id*. at 3.)

In response to Defendants' arguments, Plaintiff notes that the mere fact that Plaintiff "could have filed suit earlier does nothing to change the fact that it is now entitled to timely enforcement of its patent rights." (Dkt. No. 118 at 3–4) (citations and quotations omitted). Rather, Plaintiff contends it "has not delayed seeking to monetize or enforce the '444 Patent," having done so "against various [other] infringers." (*Id*. at 4.) Finally, Plaintiff argues that since the '444 Patent is expired, Plaintiff's own practice of the patent is "irrelevant, as is competition between Plaintiff and Defendants." (*Id*.)

Under these particular facts, Plaintiff's arguments are not persuasive. Plaintiff fails to establish that monetary damages are inadequate to remedy any harm caused by Defendants. Indeed, Plaintiff's concerns of delay are undermined by the fact that a final written decision on the patentability of the claims must be issued within one year of institution. While a delay in enforcement of patent rights is certainly an interest entitled to weight, "that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Techs.*, 2015 WL 1069111, at *2; *see also VirtualAgility Inc. v. Salesforce.com,* 759 F.3d 1307, 1318 (Fed. Cir. 2014). Accordingly, the Court is not persuaded

4

that a stay, within this particular scenario, would unduly prejudice the Plaintiff. Undue prejudice assumes some level of prejudice under the particular facts and circumstances of the case. While there is prejudice to Plaintiff, it is not undue under these facts. In weighing this factor, the Court finds it is neutral.

  **2. Stage of Proceedings**

Defendants argue that fact discovery in this case has "barely started" and note that the *Markman* hearing is not scheduled to take place for several weeks. (Dkt. No. 110 at 9.) Rather, Defendants contend that a stay at this stage would "significantly conserve both judicial and party resources" since the "diversity of accused products and large number of asserted claims…will likely require numerous witnesses and exhibits to prove and disprove the multitude of issues associated with each of these products for each of the asserted claims." (Dkt. No. 110 at 9.) Defendants posit that "[e]very claim invalidated in the PTAB proceeding will remove issues, narrow claims requiring construction, streamline deposition topics, limit fact discovery, and remove entire motions from this case." (*Id.*) Based on the record before the Court, "it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Techs.*, 2015 WL 1069111, at *3.

Plaintiff argues that this case is "not in its infancy" and is "well beyond its early stages." (Dkt. No. 118 at 6.) Plaintiff contends that "significant resources" have been expended in this case "toward important substantive issues that will affect the outcome of this case, including infringement contentions; written discovery; source code review; a motion for summary judgment;

5

and claim construction [briefing]." (*Id.*) Plaintiff also points out the motion practice related to the Protective Order issued in this case. (*Id.* at 6–7.)[1]

The Court also considers "whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay." *NFC Techs.*, 2015 WL 1069111, at *3. Here, Defendants filed their IPR petition nearly six months after the lawsuit was filed and four months after Plaintiff served its preliminary infringement contentions. (Dkt. No. 110 at 2.) However, Defendants note that their IPR filing came "[two] months *before* receiving [Planitiff's] infringement contentions including source code citations." (Dkt. No. 121 at 3–4) (emphasis in original). Defendants filed the instant Motion only one week after the IPR was instituted at the PTAB. Plaintiff contends that such delay has "allowed this case to reach an advanced stage" and demonstrates a "lack of diligence." (Dkt. No. 118 at 8 (citing *Realtime Data LLC v. Actian Corp.*, 2016 WL 3277259, at *3 (E.D. Tex. Jun. 14, 2016)).)

The Court finds that Defendants could have acted sooner in filing their petitions for *inter partes* review. However, with the close of discovery, the claim construction hearing, and the trial setting all in the future, the Court concludes that this factor weighs in favor of a stay, but only slightly.

### 3. Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Techs.*, 2015 WL 1069111, at *4. Here, *all claims* of the '444 Patent are currently under active PTAB review. (Dkt. No. 110 at 1.) If the PTAB proceedings were to find some or all of the

---

[1] Defendants note that such motion practice does not relate to the "actual substance of [Plaintiff's] infringement allegations." (Dkt. No. 121 at 3.)

6

claims under review to be valid, Defendants acknowledge that they would be estopped from asserting invalidity defenses on "any ground that [they] raised or reasonably could have raised" during *inter partes* review. (Dkt. No. 110 at 7–8; *see also* 35 U.S.C. § 315(e)(2).) Conversely, should the IPR result in the cancelation of some or all of the claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Techs.*, 2015 WL 1069111, at *4.

Defendants contend that even if they are unsuccessful in showing that all asserted claims of the '444 Patent are invalid, "the IPR will surely narrow the scope of the numerous claims at issue," including Plaintiff's claims for infringement by "broad classes of products across numerous Samsung product lines, including watches, phones, TVs, and Chromebooks, totaling to hundreds of products." (Dkt. No. 110 at 1.)

Defendants note that based on recent PTAB statistics, "instituted IPR petitions that reach a final written decision result in the cancellation of at least some instituted claims in 82% of cases, and result in cancellation of all instituted claims in 65% of cases." (Dkt. No. 110 at 7.) Indeed, "[f]or each asserted claim, the PTAB has granted institution based on more than one asserted ground." (*Id.*) Accordingly, "there is a strong likelihood that the instituted IPR will result in the cancellation of all asserted claims" of the '444 Patent. (*Id.*)

Plaintiff argues that Defendants have "failed to show that the [PTAB] is likely to invalidate every asserted claim" because "[i]nstitution alone is not enough." (Dkt. No. 118 at 10) (citations and quotations omitted). Plaintiff contends this is so because the PTAB "did not characterize the Petitioner's challenge as 'strong'" and instead "was silent on the ostensible strength" of Defendants' petition. (*Id.* at 11.) Defendants respond by arguing that courts "regularly view an institution on multiple grounds, as is the case here, as showing a likelihood of invalidating every

7

claim and satisfying the movant's burden." (Dkt. No. 121 at 5 (citing *Arbor Glob. Strategies LLC v. Samsung Elecs. Co., Ltd.*, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021)).) Defendants further note that "the PTAB rejected all of [Plaintiff's] proposed claim constructions." (Dkt. No. 121 at 5.)

Plaintiff argues that a stay will not simplify the issues in this case because of "deficiencies in the PTAB's operation that remain unresolved (despite changes made post-*Arthrex*) that enabled errors to be made by the PTAB in instituting the IPR filed by [Defendants] that [Plaintiff] intends to challenge" in the Eastern District of Virginia, and a "current proceeding before the Supreme Court pertaining to an issue, *i.e.*, collateral estoppel[,] present in the case before this Court."[2] (Dkt. No. 118 at 12.) Such "error" made by the PTAB in this case, according to Plaintiff, relates to whether a third-party is a real party in interest to the IPR. (*Id*. at 12–14.)[3] While of interest to the Court, Plaintiff seeks no direct redress on these matters from this Court. The relief which Plaintiff seeks as to these issues clearly lies elsewhere, either before Congress, within the PTO, or before the Supreme Court.

Finally, Plaintiff argues that the IPR statistics cited by Defendants "reveal that the IPR process favors parties that challenge and seek to invalidate patents, and disfavors patent owners.

---

[2] Plaintiff contends that the collateral estoppel issue "presently before the Supreme Court on a Petition for Certiorari…argues that collateral estoppel should not apply to PTAB decisions because the standards for invalidating patents at the PTAB are substantially different from those in federal courts. Accordingly, the disposition of the validity of the '444 Patent before the PTAB may have no preclusive effect on this Court." (Dkt. No. 118 at 14) (quotations omitted).

[3] According to Plaintiff, "[w]hile IPR institution decisions, which are delegated from the Director of the USPTO to the PTAB are a statutory responsibility and are non-appealable, and are subject to a request for review by the Director, no formal process exists for a party to an IPR to request Director Review of institution decisions as required by *Arthrex* (*sua sponte* review without a formal process is possible). This includes an inability to formally lodge a request for Director review of an institution decision when, as [Plaintiff] alleges here, the PTAB incorrectly decides a real party in interest and privity issue." (Dkt. No. 118 at 12.)

Thus, while [Defendants] present[] evidence that statistically, the IPR favors Petitioner, fairness and equity requires this Court to permit [Plaintiff] to make its case, especially where the real parties in interest and privies ('RPI') issue, which would terminate the IPR in its favor, weighs strongly against [Defendants], since [they] failed to meet [their] burden of proof in demonstrating" that they are the sole real party in interest. (Dkt. No. 127 at 3.) Defendants respond by noting that the PTAB rejected Plaintiff's "privity" argument and instituted the IPR. (Dkt. No. 121 at 2–3.)

The Court finds, given that *inter partes* review has been instituted on *all claims* of the '444 Patent and on multiple grounds, the likelihood of simplification of issues is material. This factor weighs in favor of a stay under these facts.

## IV.     CONCLUSION

All of these facts taken together persuade this Court that a stay, under the specific facts analyzed herein, is warranted. Accordingly, after considering the relevant factors, and for the reasons above, the Court finds that Defendants' Motion should be and is hereby **GRANTED**. The Court **ORDERS** that this case be stayed until the PTAB issues its ruling with regard to Defendants' petition for *inter partes* review concerning the '444 Patent pursuant to which *inter partes* review is currently instituted. The motion for hearing on this issue (Dkt. No. 125) is **DENIED AS MOOT**.

The Parties are **ORDERED** to file a joint status report within ten (10) days after the PTAB issues its ruling. Counsel shall also deliver a courtesy copy of such report to the Court's chambers at the Sam B. Hall, Jr. Federal Building and United States Courthouse, 100 E. Houston St., Marshall, TX 75670.

**So ORDERED and SIGNED this 2nd day of February, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE