IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMUNICATION TECHNOLOGIES, INC., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00444-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD., | § § § § § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Before the Court is Plaintiff Communication Technologies Inc.'s ("COMTek") Opposed Motion to Lift Stay (the "Motion"). (Dkt. No. 136.) On February 2, 2023, the Court stayed this case because the Patent Trial and Appeal Board ("PTAB") instituted an *Inter Partes* Review ("IPR") on the sole asserted patent in this case, U.S. Patent No. 6,725,444 (the "'444 Patent"). (Dkt. No. 134.) In the Motion, COMTek asks the Court to partially lift the stay for a determination of whether Samsung is licensed to the '444 Patent via a license COMTek granted to third-party Citrix Systems, Inc. ("Citrix"). (Dkt. No. 136 at 1, 6.) Such a determination might allow COMTek to show the PTAB that the IPR on the '444 Patent was improperly instituted because it should have been time-barred under 35 § U.S.C. 315(b). (*See id.* at 4.) Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") oppose the Motion. (*See* Dkt. No. 138.) For the following reasons, the Court finds that the Motion should be **DENIED**.

## II.  BACKGROUND

Samsung, the petitioner, filed its petition for institution of the IPR on the '444 Patent on June 30, 2022. (Dkt. No. 134 at 1.) Under 35 U.S.C. § 315(b), "[a]n [IPR] may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." Accordingly, if Samsung, a privy of Samsung, or a real party in interest ("RPI") to the '444 Patent was sued under the '444 Patent prior to June 30, 2021, the IPR requested by Samsung is time barred. *See id.*

COMTek alleges that Citrix is such an RPI or is in privity with Samsung. (*See* Dkt. No. 136 at 1–2.) Further, COMTek asserted the '444 Patent against Citrix on September 3, 2020, prior to the June 30, 2021 cutoff date. (Dkt. No. 80 at 2.) Thus, if Citrix is an RPI, or if it is in privity with Samsung, then Samsung is time-barred from petitioning for institution of an IPR on the '444 Patent. *See* 35 U.S.C. § 315(b). COMTek first argued to the PTAB that Citrix was a qualifying RPI or privy in response to Samsung's petition, relying on a Motion for Summary Judgment filed by Samsung before this Court. (*See* Dkt. No. 138-2 at 4.)

On September 2, 2022, Samsung filed a Motion for Summary Judgment, asking the Court to hold that COMTek is barred from asserting the '444 Patent against Samsung because the assertion violates a covenant not to sue in a settlement agreement between COMTek and Citrix (the "Settlement Agreement"). (*See* Dkt. No. 68, Dkt. No. 80 at 1–3.) The Settlement Agreement arose out of COMTek's September 3, 2020 lawsuit against Citrix alleging infringement '444 Patent, the same suit mentioned above. (*See* Dkt. No. 80 at 3.) The Court ultimately denied Samsung's Motion for Summary Judgment "[d]ue to the genuine disputes of several material facts related to Samsung, Citrix, and the Settlement Agreement." (*Id.* at 20.)

2

The PTAB granted Samsung's petition to institute an IPR proceeding against the '444 Patent on December 27, 2022 over COMTek's protests. (Dkt. No. 138-2 at 1.) In the Petition, Samsung (also called "Petitioner") had identified "Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc." as RPIs. (*Id.* at 3.) In response to the Petition, COMTek (also called "Patent Owner") argued that Citrix was an RPI and was in privity with Samsung. (*See id.* at 3.) The PTAB did not agree with COMTek that Citrix was an RPI. (Dkt. No. 138-2 at 12.) The PTAB also did not agree with COMTek that Citrix was in privity with Samsung, and here relied on the Court's Memorandum Opinion and Order denying Samsung's aforementioned Motion for Summary Judgment:

> Patent Owner raises the issue of whether Citrix is in privity with Petitioner based on an ongoing and, as yet, undetermined dispute with Petitioner over the scope of the Settlement Agreement. Petitioner advocates before the District Court that it qualifies as a Licensee Third Party protected by a covenant not to sue in the Settlement Agreement. Ex. 2020, 1. In the District Court, Patent Owner takes the position that Samsung is not a Licensee Third Party under the Settlement Agreement and not entitled to the benefit of the covenant not to sue. Ex. 2022, 4. If Petitioner is ultimately successful in the District Court and obtains a license under the Settlement Agreement, that fact may make it more likely that Petitioner and Citrix are privies. If the District Court were to accept Patent Owner's position, Petitioner would not be entitled to a license under the Settlement Agreement making it less likely that Petitioner and Citrix are privies.
>
> The District Court recently determined "that various factual disputes exist that preclude entry of summary judgment" in favor of Petitioner. Ex. 2024, 18. Of particular pertinence to this proceeding is the District Court's determination that the various factual disputes "center around the scope of definitions in the Settlement Agreement, including . . . 'Licensee Third Party.'" *Id.* The District Court explained that "[Petitioner] contends that it meets the definition of [] Licensee Third Party through various avenues, including as a contractor, partner, and advertiser, but [Patent Owner] disputes the scope of [Petitioner's] relationship with Citrix." *Id.* at 19.
>
> Based on the present record and the particular circumstances of this case, including the present posture of the related District Court case, we decline to find that Petitioner and Citrix are privies at this time. Accordingly, we are satisfied by Petitioner's showing that the Petition is not time-barred under § 315(b) based on the complaint served on Citrix more than a year before the Petition was filed.

3

> However, the parties are free to provide additional evidence concerning privity and the relationship between Petitioner and Citrix during trial including any determinations by the District Court regarding Petitioner's rights under the Settlement Agreement.

(Dkt. No. 138-2 at 15–17 (alternations in original).)

After the PTAB instituted the IPR, Samsung moved to stay this case. (Dkt. No. 110.) In opposing this request, COMTek argued that "a stay would leave unresolved substantial issues, prejudicing Plaintiff." (Dkt. No. 118 at 7.) COMTek explained that that "the [PTAB], in its institution decision, expressly deferred to this Court issues raised in the Motion for Summary Judgment, opining that if Defendant's third party licensee defense were upheld, then Citrix is more likely a privy of Samsung, and therefore the PTAB proceeding would be terminated." (Dkt. No. 118 at 7–8.) The Court did not find this argument persuasive, and stayed the case pending resolution of the IPR on February 2, 2023.[1] (Dkt. No. 134.)

On April 12, 2023, COMTek again argued to the PTAB that Citrix was an RPI that Samsung failed to identify in its IPR petition. (Dkt. No. 136 at 3–4.) In response, Samsung submitted a reply brief on July 14, 2023 (the "Reply Brief"). (Dkt. No. 136 at 4.) COMTek now argues to this Court that Samsung failed to "provide any evidence to sustain their burden that Citrix is not their privy or RPI" in the Reply Brief and thus moves the Court to partially lift the stay to determine whether Samsung is licensed to Citrix. (Dkt. No. 136 at 5.)

### III. LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has

---

[1] The PTAB issued a Final Written Decision on November 15, 2023, finding all claims of the '444 Patent unenforceable. (Dkt. No. 143.) The Director then denied discretionary review of the Final Written Decision. (Dkt. No. 144.)

4

broad discretion to stay proceedings as an incident to its power to control its own docket."). When deciding whether to lift an already-imposed stay pending IPR, district courts "consider[] the same three factors that were considered at the time that the stay was imposed: (1) whether the stay will unduly prejudice the nonmoving party or present a clear tactical disadvantage to the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (internal quotations and citation omitted). A stay may be lifted "if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Id.* (internal quotations and citation omitted).

### IV. ANALYSIS

COMTek's specific request is as follows:

> COMTek files this motion for the limited purpose of having the Court decide the unresolved material issue, which is ripe for determination, of whether Samsung held any rights under the [COMTek-Citrix] [(*sic*)] Settlement Agreement as it claimed in its MSJ, which would also make it more likely that Citrix is an RPI of Samsung in the IPR, thereby precluding institution of the IPR as being time-barred under 35 U.S.C. 315(b), or whether Samsung held no such rights, and has no defense of license in this action, but is less likely to be an RPI in the IPR."

(Dkt. No. 136 at 5.)

In support of this request, COMTek makes three arguments. First, that "Samsung failed to sustain their burden to demonstrate by competent evidence that Citrix is not their privy or an RPI as they alleged before the PTAB." (*Id.* at 4.) Second, that "Samsung [] failed to provide any evidence in their Reply [Brief] inconsistent with their assertion that they did not even know about the Citrix-COMTek litigation until after COMTek sued Samsung in December 2021." (*Id.* (internal quotations omitted).) Third, that the PTAB invited additional evidence in its order instituting the

5

IPR. (*Id.* at 5; Dkt. No. 138-2 at 16–17 (PTAB stating that "the parties are free to provide additional evidence concerning privity and the relationship between Petitioner and Citrix during trial including any determinations by the District Court regarding Petitioner's rights under the Settlement Agreement.").)

In response, Samsung first argues that the issue before the Court is moot because the deadline to submit additional evidence to the PTAB passed on August 21, 2023—after COMTek filed its Motion and before Samsung filed its response. (Dkt. No. 138 at 3–5.) Second, Samsung argues that COMTek's request is "practically infeasible" because any discovery produced in this litigation or any determination made by the Court in the litigation could not be introduced to the PTAB before it is mandated to issue a final written decision on the validity of '444 Patent on December 27, 2023. (*Id.* at 5–7.) Third, Samsung argues that the factors weigh in favor of leaving the stay in place. (*Id.* at 7–8.)

In reply, COMTek first argues that the stay should be lifted because of "misrepresentations and failures by Samsung." (Dkt. No. 140 at 1–5.) Next, COMTek argues that its request is not infeasible because the Director may extend the remaining statutory period by six months. (*Id.*) Third, COMTek argues that the factors support lifting the stay. (*Id.*)

As a preliminary matter, the Court finds that the issue before it is not moot. Though the PTAB has issued a Final Written Decision, and the Director of the Patent and Trademark Office has declined to review it, the Federal Circuit has not affirmed it. It is still possible that proceedings or determinations made by this Court may be considered by the Federal Circuit.

Next, the Court finds that the factors lean in favor of leaving the stay in place. Under the prejudice prong, the Court focuses on the prejudice to the party that opposed the stay in the first place—COMTek. *See Personal Audio*, 230 F. Supp. 3d at 626–28 (focusing analysis on the clear

prejudice to the party who opposed the stay in the first place). COMTek does not point to any prejudice from maintaining the stay that was not present when the Court instituted the stay. The fact that the PTAB has indicated the parties may submit additional evidence regarding the relationship between Citrix and Samsung is unavailing because the PTAB made this invitation in the very document that prompted Samsung to move to stay the case.[2] (*See* Dkt. No. 138-2 at 15–17.)

The only change in the circumstances that potentially gives rise to prejudice is the Reply Brief filed by Samsung in the IPR, but the Court is not persuaded. COMTek argues that "Samsung failed to sustain [its] burden to demonstrate by competent evidence that Citrix is not their privy or an RPI as they alleged before the PTAB" and that "Samsung also failed to provide any evidence in their Reply inconsistent with their assertion that they 'did not even know about the Citrix-COMTek litigation until after COMTek sued Samsung in December 2021.'" (Dkt. No. 136 at 4–5.) This does not show that maintaining the stay would create prejudice for two reasons. First, COMTek could have sought additional discovery from Samsung through the IPR proceedings so it is not prejudicial to prevent COMTek from taking a second bite at the discovery apple in these proceedings. (*See* Dkt. No. 138 at 2.) Even if the discovery available through proceedings before PTAB is limited, COMTek does not make any showing that these limitations precluded it from obtaining relevant discovery. (*See* Dkt. No. 140 at 3–4.) Second, and more fundamentally, COMTek has not made any showing why any deficiencies in the Reply Brief cannot be addressed by the PTAB. Thus, the Court is persuaded that there is no additional prejudice to COMTek in maintaining the stay.

---

[2] This invitation was made on December 27, 2022.

The second factor, which focuses on the stage of the proceedings, has not changed since the stay was issued because the case has been stayed. (*See* Dkt. No. 138 at 8.) The stage of the proceedings favored staying the case then, and so it favors maintaining the stay now. (*See* Dkt. No. 134 at 4–6.) Additionally, no trial date is currently set. This factor therefore weighs in favor of maintaining the stay.

The final factor, which focuses on whether lifting the stay will simplify issues in question in the litigation, also favors maintaining the stay. Partially lifting the stay will create a situation where the case is tried piecemeal. Since factual disputes remain as to the license, this portion of the case would have to be tried to a jury. This piecemeal approach would be needlessly expensive and inefficient.

Accordingly, all three factors favor maintaining the stay. The Court will therefore maintain the stay. It is thus not necessary for the Court to address Samsung's argument concerning practical infeasibility.

### V.   CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 136) should be and hereby is **DENIED**.

**So Ordered this**
**Feb 19, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE