IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMUNICATION TECHNOLOGIES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO.  2:21-CV-00444-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD., | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Lift Stay and Dismiss Case with Prejudice (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung").  (Dkt. No. 146.)  In the Motion, Samsung moves the Court to (a) lift the stay entered in this case, (b) either disregard or deny Plaintiff Communication Technologies, Inc.'s ("Plaintiff") Motion to Re-Designate Pursuant to Paragraph 19 of the Protective Order (the "Motion to Re-Designate") (Dkt. No. 88), and (c) dismiss this case with prejudice under Federal Rule of Civil Procedure 12(c).  (Dkt. No. 146 at 1.)  Having considered the Motion and the related briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion (Dkt. No. 146) should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.   BACKGROUND

On March 14, 2022, Plaintiff filed the Second Amended Complaint for Patent Infringement ("SAC"), alleging Samsung's mobile devices which implement the Knox solution (the "Accused Instrumentalities") infringe U.S. Patent No. 6,725,444 (the "'444 Patent").  (Dkt.

No. 21 ¶¶ 17, 24, 30–32.)  The '444 Patent is the only patent asserted by Plaintiff in this case. (*Id.*)

The Court entered a stay of all proceedings in this case following the Patent and Trial Appeal Board's ("PTAB") decision to institute *inter partes* review ("IPR") against the '444 Patent in its entirety.  (Dkt. No. 134 at 9.)  The stay was to last "until the PTAB issues its ruling" on the IPR.  (Dkt. No. 134 at 9.)  Approximately eleven months later, on November 15, 2023, the PTAB held that each claim in the '444 Patent is invalid in a Final Written Decision.  (Dkt. No. 143 at 1; Dkt. No. 144 at 1.)

Plaintiff then unsuccessfully sought review of the PTAB's ruling by both the Director of the U.S. Patent & Trademark Office and the U.S. Court of Appeals for the Federal Circuit.  (Dkt. No. 144 at 1; Dkt. No. 146-3 at 1.)  Specifically, the Director denied Plaintiff's Request for Director Review on January 17, 2024.  (Dkt. No. 144 at 1.)  Additionally, the Federal Circuit issued a mandate dismissing Plaintiff's appeal for failure to prosecute under Federal Circuit Rule 31(a) on November 25, 2024.  (Dkt. No. 146-3 at 1.)

Prior to the entry of the stay, on March 4, 2022, a third-party group stole the source code for the Accused Instrumentalities and made it accessible online via a torrent (the "Torrent Code").  (Dkt. No. 54 at 2.)  Plaintiff subsequently moved to amend its infringement contentions in light of the publicly available Torrent Code over Defendants objections.  (*Id.*; Dkt. No. 40 at 4.)  Specifically, Plaintiff argued that the Torrent Code should not be subjected to the Protective Order (Dkt. No. 38) as it was publicly available and non-confidential.  (Dkt. No. 47 at 5.) Although the Court permitted the amendments, the Court ordered that "the Torrent Code … be treated as if it were produced pursuant to the Protective Order in this case."  (Dkt. No. 54 at 7.)

2

On December 1, 2022, Plaintiff filed the Motion to Red-Designate Pursuant to Paragraph 19 of the Protective Order (the "Motion to Re-Designate"). (Dkt. No. 88.)  In the Motion to Re-Designate, Plaintiff asks the Court to de-designate the Torrent Code, reiterating that "one cannot designate as confidential … any document that is already in the public domain." (Dkt. No. 88 at 10, 15.)

## II.  LEGAL STANDARD

### *(a) Lifting the Stay*

A district court has the inherent power to control its own docket, including the power to stay proceedings before it.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). When deciding whether to lift an already-imposed stay pending IPR, district courts "consider[] the same three factors that were considered at the time that the stay was imposed: (1) whether the stay will unduly prejudice the nonmoving party or present a clear tactical disadvantage to the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (internal quotations and citation omitted).  A stay may be lifted "if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Id.* (internal quotations and citation omitted).

### *(b) Dismissal Under Federal Rule of Civil Procedure 12(c)*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a

judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

In ruling on a motion under Rule 12(c), the Court may consider the pleadings themselves, and any exhibits thereto or matters incorporated by reference therein, as long as all the material allegations of fact are undisputed and only questions of law remain to be decided by the court. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998) (holding that documents attached to the pleadings "thereby [become] part of [the] pleadings"). The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Thus, the ultimate question for the court in deciding a Rule 12(c) motion is whether, viewed in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *See Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

### III.  ANALYSIS

#### *(a) Whether the stay should be lifted?*

The Parties do not appear to dispute whether the stay should be lifted. Indeed, Plaintiff states that it "does not directly oppose Samsung's motion to lift the stay entered in this case." (Dkt. No. 147 at 3.) Instead, Plaintiff opposes other portions of the Motion. (*Id*. at 5.)

In any event, the Court granted the stay until IPR of the '444 Patent concluded, which has been achieved. (Dkt. No. 134 at 9; Dkt. No. 143 at 1.) Under these facts, "the circumstances

4

that persuaded the court to impose the stay in the first place have changed significantly." *Pers. Audio*, 230 F. Supp. 3d at 626 (internal quotations and citation omitted).

Accordingly, the Court finds that the stay should be lifted.

### *(b) Whether the case should be dismissed with or without prejudice?*

The Parties agree that Plaintiff is collaterally estopped from asserting the '444 Patent. (Dkt. No. 149 at 1 ("collateral estoppel appears to support now dismissing this case despite a trial certificate having not yet issued")).  The Parties dispute, however, whether the case should be dismissed with or without prejudice.

Samsung argues that the Court should dismiss this case with prejudice. (Dkt. No. 146 at 5.) Specifically, Plaintiff notes that this Court has previously dismissed a patent infringement case with prejudice under similar facts. (Dkt. No. 146 at 5; Dkt. No. 148 at 1–2 (citing *C-Cation Techs., LLC v. Time Warner Cable Inc.*, No. 2:14-CV-00059-JRD-RSP, Dkt. No. 184 at 1–2 (E.D. Tex. Dec. 19, 2017).)  In contrast, Plaintiff argues dismissal without prejudice is warranted because it may challenge the "lack of procedures" surrounding Director Review. (Dkt. No. 149 at 1.)

Dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Bullard v. Burlington Northern Santa Fe Ry. Co.*, 368 Fed. App'x 574, 582 (5th Cir. 2010) (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). Courts routinely hold that "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists … and 'a lesser sanction would not better serve the interests of justice.'" *Gonzalez¸* 610 F.2d at 247 (5th Cir. 1980) (collecting cases); *see also University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328, 1334 (Fed. Cir. 2009) ("'dismissal [with prejudice] is a drastic sanction and should be

reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff'") (quoting *Donnelly v. Johns–Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)).

Dismissal with prejudice is not warranted here. Plaintiffs have not engaged in contumacious conduct and do not have a clear record of delay. Samsung has not persuaded the Court otherwise. Further, there are specific rules under the rubric of IPR review which estop and prevent future assertions by Plaintiff which this Court need not duplicate.

Accordingly, the Court finds that this case should be dismissed without prejudice.

### (c) *Motion to Redesignate*

In the Motion, Samsung argues that the Court should deny Plaintiff's Motion to Re-Designate (Dkt. No. 88) as moot. (Dkt. No. 146 at 8.) Samsung asserts that the resolution of the Motion to Re-Designate is unnecessary as the PTAB invalidated each of the '444 Patents claims. (*Id*.) Samsung also argues that, even if the Motion to Re-Designate is not moot, it should be denied. (Dkt. No. 146 at 8, n. 4.) According to Samsung, the Motion to Re-Designate merely reiterates arguments that the Court has already addressed in its Order (Dkt. No. 54). (*Id*; Dkt. No. 148 at 4–5.)

In response, Plaintiff argues that the Court should grant the Motion to Re-Designate prior to dismissal. (Dkt. No. 147 at 4.) Plaintiff insists that the Protective Order does not extend to the Torrent Code because the code is "not protectible as a trade secret." (*Id*.; Dkt. No. 149 at 1.)

Plaintiff essentially asks the Court to reconsider its Order. This Court has held, however, that "[o]nly three grounds permit granting a motion to reconsider: '(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.'" *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:12-CV-100-JRG, 2016 U.S. Dist. LEXIS 86718, at *4 (citing *In re Benjamin*

*Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Plaintiff has not presented any new evidence, intervening change in case law, or a clear error that casts doubt on the Court's decision to subject the Torrent Code to the Protective Order.

Accordingly, the Court finds that the Motion to Re-Designate (Dkt. No. 88) is not well taken and should be denied.

### IV.   CONCLUSION

In conclusion, the Court is of the opinion that Samsung's Motion (Dkt. No. 146) should be and hereby is **DENIED** as to dismissing this case with prejudice. However, the Motion (Dkt. No. 146.) is **GRANTED** as to all other respects. Plaintiff's Motion to Re-Designate (Dkt. No. 88) the stolen source code as being outside of the protective order is **DENIED**. Accordingly, it is **ORDERED** that the previously entered stay is **LIFTED**. It is further **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. All pending requests for relief in this case note explicitly granted herein are **DENIED AS MOOT**.

The Clerk of Court is directed to **CLOSE** the above-captioned case as no parties or claims remain.

**So ORDERED and SIGNED this 29th day of May, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE